UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JENNIFER RISK

Plaintiff,                                                                                          14-cv

 -vs-

FINANCIAL ASSET MANAGEMENT SYSTEMS, INC.,

Defendant,
_____/
ADAM S. ALEXANDER (P53584)
ANRREW R. MIKOS (P76268)
THE ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Plaintiff Jennifer Risk, ("Plaintiff" or "Ms. Risk"), currently resides in Marshall, Michigan, Calhoun County, and the actions alleged herein accrued in Marshall, Michigan, so that venue is proper.

2. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(2).

3. Defendant Financial Asset Management Systems, Inc., ("Defendant" or "FAMS"), is a Delaware corporation with its agent for service of process located in East Lansing, Michigan;

4. FAMS is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

5. FAMS is a "collection agency" according to the definitions in M.C.L. 339.901(b).

1

## I. STATUTORY STRUCTURE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

6.  The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692.

7.  Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

8.  Under the FDCPA, "debt" means any obligated or alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

9.  Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.   15 U.S.C. 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

11. Collection abuse takes many forms, including disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense (see *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 398 (6th Cir.1998).

12. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any

2

actual damages sustained, statutory damages up to $1,000.00, actual damages, and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

13. This court has jurisdiction over the state law claims herein, and has concurrent jurisdiction over the federal law claims, and the action is otherwise in the proper court and district.

## **GENERAL ALLEGATIONS**

14. FAMS has engaged in collection activity, beginning in November 2014, in connection with an alleged student loan debt, which violates the FDCPA and Michigan law.

15. FAMS employees began contacting Plaintiff regarding the alleged debt and in November of 2014.

16. FAMS began their contact with Plaintiff via a letter dated November 9, 2014 and received by Plaintiff on November 15, 2014 alleging that her defaulted student loan had been assigned to them and that she had thirty (30) days to dispute the validity of the debt or their office would assume the debt to be valid.

17. In fact, the alleged debt is already in payment status and is being paid by Plaintiff through "Student Loan Resolve" a student loan consolidation company.

17. Despite that fact that Plaintiff had previously gone through Student Loan Resolve and had her loans consolidated, she called FAMS as instructed to let them that payment arrangements have already been made.

18. The unknown female Plaintiff spoke with at FAMS told Plaintiff she had to start making payments to them or her wages would be garnished.   Plaintiff indicated to her that she needed further verification before she would be willing to make any payments to them and they simply told her that she should contact an attorney to explain her rights to her. Plaintiff

terminated the phone call shortly thereafter.

19. Two days later, on or about November 17, 2014, Plaintiff was contacted by her mother, Kathy Risk. Her mother told her that she had been contacted by a Cassandra Harris three (3) times trying to contact Plaintiff.

20. FAMS called Plaintiff's friend Tracy Taylor at (517) 398-1160 from number 417-800-2856 on multiple occasions including five times on November 24, 2014.

21. FAMS has contacted or attempted to contact Plaintiff an excessive number of times. They have attempted contact on all of the following instances:

   a) 11/14/14 @ 9:50am, @3:49pm, @4:11pm, @4:21pm, @5:02pm, @5:32pm

   b) 11/17/14 @ 6:08pm

   c) 11/18/14 @ 3:49pm, @ 7:22pm

   d) 11/19/14 @ 2:56pm, @ 5:56pm, @ 7:17pm

   e) 11/20/14 @ 10:31am, @ 12:22pm, @ 5:48pm

   f) 11/21/14 @ 9:06am, @ 3:45 pm

22. Plaintiff never gave FAMS or Ms. Harris any authorization to contact third parties regarding the alleged debt. FAMS has contacted Plaintiff's cell phone as well as the land line phone of her mother and cell phone of her friend Traci Taylor.

23. The above phone calls went beyond "acquiring location information" and were otherwise in violation of the FDCPA and Michigan law.

24. The debt collection attempts above were also an unlawful attempt to collect a debt which is not authorized by law, in part, because the alleged balance in incorrect and excessive.

25. As the result of the facts alleged above, Plaintiff has suffered damages including actual damages and emotional distress.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

26. Plaintiff incorporates the preceding allegations by reference.

27. FAMS, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

28. FAMS has engaged in violations of the FDCPA, including but not limited to:

a) disregarding the "mini-Miranda" requirements contained in 15 U.S.C. §1692(e)11;

b) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

c) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

d) engaging in abusive conduct in prohibition of 15 U.S.C. §1692d;

e) communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, in prohibition of 15 U.S.C. §1692b(2);

f) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

g) communicating with a third party without consent of the consumer given directly to the debt collector in prohibition of 15 U.S.C. § 1692c(b);

h) engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in prohibition of 15 U.S.C. § 1692(d).

i) communicating with a third party more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information in violation of 15 U.S.C. § 1692(b)(3);

j) attempting to collect an amount not authorized by law or contract.

29. Plaintiff has suffered damages, including but not limited to frustration, embarrassment, and emotional distress as the result of Defendant's violations of the FDCPA and Michigan law.

## COUNT II - MICHIGAN OCCUPATIONAL CODE

30. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

31. FAMS is a "collection agency" under MCL §339.901(f)

32. Defendant's foregoing acts and omissions in attempting to collect the alleged debts described herein against Plaintiff constitute violations of the Occupational Code, including, but not limited to:

> a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.
>
> b. Failing to send Plaintiff a letter within five days after their initial communication as mandated by MCL §339.918.
>
> c. Communicating in a misleading or deceptive manner.
>
> d. Misrepresenting the legal rights of the debtor or creditor.
>
> e. Communicating with the debtor without accurately disclosing the caller's identity.

33. These violations of the Michigan Occupational Code by Defendant was willful.

34. Plaintiff has been harmed by these violations in an amount to be determined at trial, and FAMS violations constitute flagrant violations requiring treble damages.

## DEMAND FOR JUDGMENT AND RELIEF

35. Accordingly, Plaintiff seeks Judgment against Defendant for:

a. Equitable relief under the Michigan Occupational Code regarding cessation of illegal debt collection;

6

b. Actual damages including damage to reputation, embarrassment and emotion distress in accordance with 15 U.S.C. § 1692k(a)(1);

c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

d. Statutory costs and attorney fees in accordance with 15 U.S.C. § 1692k(a)(3);

e. Treble damages;

f. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury.

Respectfully submitted,

By: **/S/ Adam S. Alexander**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
THE ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI   48075
(248) 246-6353
adalesq@gmail.com

December 8, 2014